UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEONG FRANCISCO PAULO,

                              Plaintiff,

                -against-

AGENCE FRANCE-PRESSE, et al.,

                              Defendants.

22-cv-06210 (JLR) (SLC)

**MEMORANDUM OPINION
AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

On July 21, 2022, Plaintiff Leong Francisco Paulo ("Leong" or "Plaintiff") commenced this action alleging that Defendants Agence France-Presse, Getty Images (US), Inc., and Getty Images, Inc. (collectively, "Defendants") used his photographs in violation of the Copyright Act, 17 U.S.C. §§ 101, *et seq.  See* ECF No. 1 ("Complaint").  This is the second copyright action Plaintiff has commenced against Defendants.  On March 30, 2023, the Court conditionally dismissed Plaintiff's first action on grounds of *forum non conveniens* as to all Defendants and lack of personal jurisdiction as to Agence France-Presse.  *See Paulo v. Agence France-Presse*, No. 21-cv-11209 (JLR) (SLC), 2023 WL 2873257 (S.D.N.Y. Jan. 19, 2023) ("Paulo I"), *report and recommendation adopted*, No. 21-cv-11209 (JLR) (SLC), 2023 WL 2707201 (S.D.N.Y. Mar. 30, 2023) ("Paulo II").

On July 28, 2022, the Court referred this case to the Magistrate Judge for general pretrial purposes and dispositive motions.  ECF No. 10.  On May 1, 2023, Defendants moved to dismiss the Complaint in this action.  *See* ECF No. 17.  That motion was fully briefed on May 19, 2023. *See* ECF Nos. 19, 21.

On September 8, 2023, the Magistrate Judge issued a Report and Recommendation ("Report").  ECF No. 22.  The Report recommends that the Court grant Defendants' motion and

dismiss this action pursuant to the doctrine of *forum non conveniens* on the same conditions as

Paulo II, i.e., that Defendants agree to:

> (1) accept service in Portugal; (2) submit to the jurisdiction of the
> Lisbon District Court's Labour Division and/or Intellectual
> Property Division; (3) waive any statute of limitations defense that
> may have arisen since the filing of this action; (4) toll the statute of
> limitations as to Leong's claims under the Act and permit Leong to
> move to reopen this action and reassert those claims in the event
> that a Portuguese court were to decline to hear such claims; and (5)
> agree that Leong is not precluded from arguing that Clause 7
> created a license that he rescinded.

Report at 10.  The Report also recommends that the Court dismiss the claims against Agence

France-Presse for lack of personal jurisdiction, and that the Court require the parties to submit a

proposed stipulation of dismissal for this action setting forth the above conditions.  *Id.*  The

Report warns, in emphasized text, that failure to timely object within 14 days of service would

result in waiver of the right to object and preclude appellate review.  *Id*. at 11.  No party has filed

any objections to the Report.

A district court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. Pro.

("Rule") 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989).  Parties may object to a

magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the

recommended disposition."  Rule 72(b)(2).  "In a case such as this one, where no timely

objection has been made, a district court need only satisfy itself that there is no clear error on the

face of the record."  *Lifeguard Licensing Corp. v. Kozak*, 371 F. Supp. 3d 114, 118 (S.D.N.Y.

2019) (internal citation omitted); *Lee v. Lending Tree*, 473 F. Supp. 2d 435, 436 (S.D.N.Y. 2007)

("The district court adopts a Magistrate Judge's report and recommendation when no clear error

appears on the face of the record.").  A party's "failure to object timely to a report waives any

further judicial review of the report" so long as the party received "'clear notice' of the consequences of their failure to object." *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see Lee*, 473 F. Supp. 2d at 436.

Here, the deadline to object to the Report has passed and no party has filed any objection. The Court has therefore reviewed the Report for clear error. *See Lifeguard Licensing Corp.*, 371 F. Supp. 3d at 118; *Lee*, 473 F. Supp. 2d at 436. The Court finds that the Report's reasoning is sound, grounded in fact and law, and not clearly erroneous. Accordingly, the Court adopts the thorough and well-reasoned Report in its entirety. *See* Report.

Defendants' motion to dismiss is therefore GRANTED consistent with the Report. The case is DISMISSED pursuant to the doctrine of *forum non conveniens*, on the condition that Defendants agree to: (1) accept service in Portugal; (2) submit to the jurisdiction of the Lisbon District Court's Labour Division and/or Intellectual Property Division; (3) waive any statute of limitations defense that may have arisen since the filing of this action; (4) toll the statute of limitations as to Leong's claims under the Act and permit Leong to move to reopen this action and reassert those claims in the event that a Portuguese court were to decline to hear such claims; and (5) agree that Leong is not precluded from arguing that Clause 7 created a license that he rescinded (the "Conditions"). The claims against Agence France-Presse are also DISMISSED for lack of personal jurisdiction.

Additionally, the parties are ORDERED to submit, **within 21 days of the date of this Order**, a proposed stipulation of dismissal agreeing to the foregoing Conditions.

In light of the clear notice provided in the Report, the lack of any timely objections precludes appellate review of this decision. *See Frank*, 968 F.2d at 300; *Lee*, 473 F. Supp. 2d at 436.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 17 and CLOSE the case.

Dated:  September 25, 2023
        New York, New York

SO ORDERED.

*Jennifer Rochon*

_____
JENNIFER L. ROCHON
United States District Judge